UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 24-cr-113 (RC) |
| v. | : |
| ELMER BONILLA, | : |
| Defendant. | : |

STATEMENT OF OFFENSE
IN SUPPORT OF GUILTY PLEA AND GUIDELINES CALCULATION

I. **Summary of Plea Agreement**

The defendant, Elmer Bonilla, agrees to admit guilt and enter a plea of guilty to Count Fourteen of the Superseding Indictment, charging him with Using, Carrying, Possessing, and Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

II. **Elements of the Offense**

The essential elements of Count Fourteen, each of which the Government must prove beyond a reasonable doubt, are that:

1. Mr. Bonilla committed the crime of Carjacking, in violation of 18 U.S.C. § 2119; and

2. Mr. Bonilla knowingly possessed a firearm in furtherance of this crime.

The elements of Carjacking, in violation of 18 U.S.C. § 2119, each of which the Government must prove beyond a reasonable doubt, are:

1. Mr. Bonilla intentionally took from the victim a motor vehicle;

2. That motor vehicle had been transported in interstate or foreign commerce;

3. Mr. Bonilla did so by means of force, violence, or intimidation; and

1

    4.     Mr. Bonilla intended to cause death or serious bodily harm.

## II. <u>Penalties for the Offense</u>

The penalties for Using, Carrying, Possessing, and Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 are:

    1.     A term of imprisonment of not less than seven years and not more than life;

    2.     A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

    3.     A term of supervised release of not more than 5 years; and

    4.     A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## III. <u>Factual Proffer</u>

Had this case gone to trial, the Government's evidence would have proved the following:

From December 2023 through August 2024, Elmer Bonilla and others conspired to commit a series of vehicle thefts, thefts from vehicles, and armed carjackings.

On or about January 24, 2024, Mr. Bonilla and his co-conspirators were driving a dark SUV in the 6000 block of Luzon Avenue Northwest, Washington, D.C. The co-conspirators stopped their car in front of a Dodge Challenger occupied by Complaining Witness 1 ("CW-1"). At least one conspirator remained in the dark SUV while two other co-conspirators got out of the car, wearing dark jackets and khaki pants, and black ski masks, and each carrying a firearm. The armed co-conspirators approached the Dodge Challenger—one approached the driver's side and the other approached the passenger side. Both co-conspirators demanded that CW-1 "get the fuck out of the car." The co-conspirator on the driver's side then punched CW-1 in the face. The co-conspirator on the passenger side pointed a firearm with a green laser sight at CW-1. CW-1 got

out of the car and the two co-conspirators got into the Dodge Challenger and drove away, followed by the dark SUV. At the time it was carjacked, the Dodge Challenger contained the CW-1's black wallet with driver's license, debit and credit cards, a drill set, and an Apple iPhone.

The next day, on January 25, 2024, Mr. Bonilla and his co-conspirators were driving in a white Kia Sportage and pulled into the parking lot of the CVS located at 5621 Sargent Road, Hyattsville, Maryland. Complaining Witness 2 (hereinafter "CW-2") was in their car, a black BMW, and put the car into reverse to exit the parking lot. The Kia Sportage pulled behind CW-2's car—blocking it in. At least one co-conspirator remained in the Kia Sportage, while two other co-conspirators, both wearing dark clothing, ski masks, and armed with handguns, got out of the Kia Sportage and approached the driver's side of CW-2's car. They opened the driver's side door and one co-conspirators pointed a handgun at CW-2's torso. The co-conspirators demanded that CW-2 get out of the car. In fear for their life, CW-2 complied. The co-conspirators got into CW-2's car and drove it away, and the Kia Sportage followed.

On January 26, 2024, after the arrest of co-defendant Gregory Giron, Mr. Bonilla and two other co-conspirators drove to Gregory Giron's house in a tan SUV. One co-conspirator exited the SUV and used a key to enter the residence. A few minutes later, law enforcement observed that same individual exit the rear of the residence carrying a white trash bag. The co-conspirator got back into the SUV, which began driving away.

Law enforcement stopped the SUV and discovered four people in the car. The front seat passenger, identified as Dylan Giron, was the same co-conspirator who had entered and exited the house, carrying a white trash bag. The driver of the vehicle was identified as Dylan Giron's girlfriend, and the two co-conspirators in the backseat were identified as Mr. Bonilla and Christian

3

Rodriguez. When Dylan Giron was inside the residence, Mr. Bonilla and Mr. Rodriguez were directing Dylan Giron to remove evidence via text message.

Months later, on August 6, 2024, Mr. Bonilla and other co-conspirators broke into and stole a 2021 Infinity Q50 near the intersection of Oak Lead Drive and Lockwood Drive in Silver Spring, Maryland. At the time it was stolen, the car contained the owner's identity and bank cards, which were found in a later search of Mr. Rodriguez's residence.

On August 7, 2024, Mr. Bonilla broke into another vehicle, located in the 2400 block of Ross Road, Silver Spring, Maryland, and took a wallet, which was also later found in Mr. Rodriguez's residence.

On August 7, 2024, Mr. Bonilla and co-conspirators broke into and stole a Corvette in Alexandria, Virginia using an Autel device. The device was later recovered in Mr. Bonilla's car.

On August 9, 2024, pursuant to a search warrant, law enforcement searched Mr. Bonilla's residence and recovered the following:

- Glock magazine, which was hidden in a crawl space in the bathroom;
- 1911-style bb gun, which was inside of a locked room in the house;
- $3,920 in U.S. currency;
- Baggie of white, rock-like substance; and
- Programmable key fob

On August 26, 2024, law enforcement conducted a search of the car used by Mr. Bonilla. During that search, law enforcement recovered:

- Black Glock 23 Semi-Automatic Pistol (Serial #BZVH752) loaded with one round in the chamber and 16-rounds in a 16-round magazine
- Box of 9-millmeter ammunition containing loose ammunition

4

- White powdery substance packaged in individual, clear baggies

- Multiple baggies of a green leafy substance

- One loose round of 40 caliber ammunition

- Two loose rounds of 9-millimeter ammunition

- Boxes of small, clear plastic baggies

- Digital scale

- Autel Professional Key Tool

- Black ski mask

- Gloves

- Credit Card belonging to Dylan Giron

Mr. Bonilla is not aware of any information which would contradict the charges alleged in the Superseding Indictment.

This Statement of Offense does not purport to include all Mr. Bonilla's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting Mr. Bonilla's guilty plea.

    Respectfully submitted,

    EDWARD R. MARTIN, JR.
    United States Attorney
    D.C. Bar No. 481866

By:   */s/ Sarah Martin*
    Sarah Martin
    Assistant United States Attorney
    D.C. Bar 1612989
    601 D Street NW
    Washington, DC
    (202) 252-6775
    Sarah.Martin@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 5/30/2025

_____
Elmer Bonilla
**Defendant**

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his/her guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 5/30/2025

_____
Maria Jacob
**Counsel for Defendant**

6